JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

Case No. 2:20-cv-07920-MCS-JEM        Date  December 2, 2020

Title  *Martha Garcia v. Teva Womens Health, LLC*, et al.

Present: The Honorable   Mark C. Scarsi, United States District Judge

|     Stephen Montes Kerr     |     Not Reported     |
|          Deputy Clerk       |    Court Reporter    |

Attorney(s) Present for Plaintiff(s):         Attorney(s) Present for Defendant(s):

          None Present                                       None Present

**Proceedings:** (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND (ECF NO. 12) AND DENYING MOTIONS TO DISMISS (ECF NOS. 19, 20) (JS-6)

Before the Court are three motions. Plaintiff Martha Garcia moves to remand this action to the Los Angeles County Superior Court. MTR, ECF No. 12. Defendants Teva Pharmaceuticals USA, Inc., The Cooper Companies, Inc., and CooperSurgical, Inc. move to dismiss the case. ECF Nos. 19, 20. The Court deems these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. The Court took the Plaintiff's motion to remand under submission and takes the hearings for the motions to dismiss set for December 7, 2020 off calendar. For the following reasons, the motion to remand is **GRANTED** and the motions to dismiss are **DENIED**.

I.      **BACKGROUND**

This is a product liability and negligence case concerning the ParaGard Intrauterine medical device ("ParaGard IUD"). *See generally* Compl., ECF No. 1-2. Plaintiff alleges that she was implanted with the ParaGard IUD and, upon removal of the ParaGard IUD, a portion of the product broke and injured Plaintiff. ¶¶ 54, 57, 58, 61, 62. Plaintiff brings causes of action for negligence, strict liability design

defects, strict liability manufacturing defects, strict liability failure to warn, common law fraud, negligent misrepresentation, breach of express warranty, breach of implied warranty, and violations of consumer protection laws. *See* Compl. ¶¶ 76-209. Plaintiff brings these claims against The Cooper Companies, Inc., Teva Womens Health, Inc., Teva Pharmaceuticals USA, Inc., CooperSurgical, Inc., and Teva Womens Health, LLC ("Defendants") on the basis that "the Teva defendants fraudulently conveyed its assets during the process of selling ParaGard to the Cooper Defendants to avoid claims and liabilities associated with the ParaGard, and because the Cooper Defendants owned ParaGard in July of 2018, Cooper and CooperSurgical are directly liable to Plaintiff for her above-referenced claims."[1] MTR 2.

Plaintiff initially filed this action in the Los Angeles County Superior Court on July 29, 2020. Defendants removed the action to this Court on August 28, 2020. Notice of Removal, ECF No. 1. Defendants invoked the Court's diversity jurisdiction. *Id.* ¶ 4. Regarding the amount in controversy, Defendants cite Plaintiff's Complaint and existing case law to support their contention that the amount in controversy exceeds $75,000. *Id.* ¶¶ 5-10. Regarding the parties' citizenship, it is averred that Plaintiff is a citizen of California and that the following Defendants are citizens of other states: Teva Pharmaceuticals USA, Inc.; Teva Womens Health, LLC; Teva Womens Health, Inc.; and CooperSurgical, Inc. *Id.* ¶¶ 11-14, 16, 18. Defendant The Cooper Companies, Inc. is a Delaware corporation with its principal place of business in California. *Id.* ¶ 17.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise original jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction," and "[t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing subject-matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

---

[1] Defendant Teva Branded Pharmaceutical Products R&D, Inc. has been dismissed from this case. ECF No. 11.

## III. DISCUSSION

Plaintiff argues that there is no diversity of citizenship because The Cooper Companies, Inc. and Plaintiff both are citizens of California. *See* MTR 3-5. In response, Defendants argue The Cooper Companies, Inc. was fraudulently joined and the Court can disregard its citizenship. *See* Opp'n 5-18.

In evaluating diversity jurisdiction, the Court "may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (internal quotation marks omitted). In evaluating a claim of fraudulent joinder, "a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" *Id.* (alteration in original) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). In this inquiry, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550. There is a presumption against fraudulent joinder, and "defendants who assert fraudulent joinder carry a heavy burden of persuasion." *Tanner v. Ford Motor Co.*, 424 F. Supp. 3d 666, 670 (N.D. Cal. 2019).

Defendants fail to show that The Cooper Companies, Inc. is fraudulently joined. Plaintiff pleads that The Cooper Companies, Inc. is liable for Plaintiff's alleged injuries from the ParaGard IUD as a successor-in-interest to the entity involved in producing the ParaGard IUD. Compl. ¶¶ 32-47, 53, 89, 100, 110, 122, 144, 162, 175, 186, 209. Defendants argue that The Cooper Companies, Inc. is a "holding company . . . [that] does not manufacture or sell products, . . . it has never designed, manufactured or sold ParaGard IUDs," and the relationship between The Cooper Companies, Inc. and certain defendants prevent The Cooper Companies, Inc. from being a successor-in-interest. Opp'n 3-4. But at this stage, "factual allegations and evidence" are evaluated "in the light most favorable to the plaintiff," and disputes of fact must be resolved "in favor of the plaintiff." *Amarant v. Home Depot U.S.A., Inc.*, No. 1:13-cv-00245-LJO-SKO, 2013 WL 3146809, at *4 (E.D. Cal. June 18, 2013) (citing, *inter alia*, *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)). The Cooper Companies, Inc. fails to meet its heavy burden to show that there is no possibility that Plaintiff can state a claim against The Cooper Companies, Inc. *See Scates v. FedEx Ground Package Sys., Inc.*, No. 2:20-cv-06365-VAP-MAAx, 2020

WL 5759121, at *4 (C.D. Cal. Sept. 25, 2020) (rejecting a fraudulent joinder argument because defendant failed to produce its own supporting evidence that met the "high burden of showing Plaintiff has *no possibility* of" a claim against a defendant). Here, California's successor liability rule is as follows:

> "[A] corporation purchasing the principal assets of another corporation does not assume the predecessor corporation's liabilities unless one of the following exceptions applies: (1) there is an express or implied agreement of assumption; (2) the transaction amounts to a consolidation or merger of the two corporations; (3) the purchasing corporation is a mere continuation of the seller; (4) the transfer of assets to the purchaser is for the fraudulent purpose of escaping liability for the seller's debts; or (5) the seller, had it remained a going concern, would have been liable under the doctrine of strict products liability."

*Wilson v. Metals USA, Inc.*, No. CIV. S-12-0568 LKK, 2012 WL 4888477, at *8 (E.D. Cal. Oct. 12, 2012) (citing *Ray v. Alad Corp.*, 560 P.2d 4 (1977)). Plaintiff has alleged that The Cooper Companies, Inc. are liable under a "successor-in-interest" theory. *See* Compl. ¶¶ 21-25, 33-52. At this stage in the litigation, The Cooper Companies, Inc. has not shown an absence of "a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" *GranCare, LLC*, 889 F.3d at 548 (alteration in original) (quoting *Hunter*, 582 F.3d at 1046).[2] And while it is unclear to what extent The Cooper Companies, Inc. could be liable under California's Uniform Voidable Transactions Act, any potential deficiency in the complaint should be addressed in the state court.

The Court cannot conclude that The Cooper Companies, Inc. was fraudulently joined. Like Plaintiff, The Cooper Companies, Inc. is a citizen of California. *See* 28 U.S.C. § 1332(c)(1). There is no diversity of citizenship, the Court lacks original jurisdiction, and remand is appropriate. 28 U.S.C. § 1447(c). Plaintiff's request for remand is **GRANTED**.

---

[2] Defendants present a district-court decision denying plaintiff's motions for leave to amend the complaint to add successor liability and fraudulent transfer claims. Opp'n 16, 17 (citing *Barcelo v. Teva Pharm. U.S.A., Inc.*, No. CV H-20-00017, 2020 WL 1666116, at *1, *5 (S.D. Tex. Apr. 2, 2020). This case does not arise under California law and features Defendants moving for judgment on the pleadings. *Id.* at *1, *3-*4. The procedural posture and the applicable test before this Court are different.

The Court additionally **DENIES** both motions to dismiss as moot.

## IV.    CONCLUSION

The Court **GRANTS** Plaintiff's request to remand the action. The Court **DENIES** Defendants' motions to dismiss as moot.

The Court **REMANDS** this action to the Superior Court of California for the County of Los Angeles, No. 20STCV28432. All dates and deadlines are **VACATED**. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**